

**FILED**
**JULY 19, 2007**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| TERRANCE LAMONT LIPSCOMB, PRO SE, A.K.A. TERRENCE LIPSCOMB, TDCJ-CID # 1256559,<br><br>Plaintiff,<br><br>v.<br><br>JOE A. GRIMES, KELLI WARD, BRIAN S. ELSEA, KIEU Q. PHAM, JAMIE V. BURKHOLDER, CODIE R. BIAS, AUDREY A. ENGLAND, RICHARD PHILLIPS, and PAUL W. SLOAN,<br><br>Defendants. | 2:07-CV-0095 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff TERRANCE LAMONT LIPSCOMB, also known as TERRENCE LIPSCOMB, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis

Plaintiff complains that, on February 10, 2007, he was written two false disciplinary cases by defendant ELSEA which could affect his parole consideration. Plaintiff says he was found guilty of both the case for being out of place and the case for refusing or failing to obey an order, each resulting in cell restriction, commissary restriction, and recreation restriction. Further, the second case was graded major because of the guilty determination in the first and also resulted in a reduction of line class from G3 S-4 to G3 SL-1.

Plaintiff claims defendant BURKHOLDER denied him due process by refusing to allow plaintiff to see the sergeant when he informed plaintiff of the first disciplinary case and for claims he later called plaintiff names.

Plaintiff alleges defendant Sgt. BIAS "signed off on the case," defendant ENGLAND was the disciplinary hearing officer on his first case, and defendant PHILLIPS was the disciplinary hearing officer on the second case.  Plaintiff alleges defendant PHILLIPS admitted due process violations and defendant PHAM wrote a false statement saying he was the officer who made plaintiff "rack up."  Plaintiff complains defendant GRIMES denied his step 1 grievance and defendant WARD denied his step 2 grievance.  Further, defendant SLOAN failed to answer three letters plaintiff wrote complaining of how he was treated by defendant ELSEA and other officers on the second shift.

Plaintiff requests compensatory damages for the anxiety he has suffered and punitive damages against the defendants.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail,

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

**THE LAW AND ANALYSIS**

Malicious prosecution no longer provides an independent basis for a section 1983 claim in this Circuit. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). Thus, an inmate's claim that an officer initiated disciplinary proceedings against him without probable cause does not state a claim. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). Plaintiff's claims against defendant ELSEA lack an arguable basis in law and are frivolous.

Plaintiff also asserts violations of Due Process. If, as plaintiff pleads, goodtime was not confiscated as a result of the two disciplinary hearings, plaintiff has no federally-protected due process rights in these disciplinary cases. In the wake of *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 2294, 132 L.Ed.2d 418 (1995), the ambit of a prisoner's potential Fourteenth Amendment due process liberty claims has been dramatically narrowed and prisoners may no longer comb through state statutes and prison regulations searching for the "grail of limited discretion" upon which to base a due process liberty claim. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). Instead, a prisoner has a liberty interest only in "freedom[s] from restraint . . .

---

[2]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

3

impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," and these will normally consist of deprivations which clearly impinge on the duration of confinement. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995)(quoting *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 2294, 132 L.Ed.2d 418 (1995))[3]. Moreover, the effect on the duration of his sentence that a reduction in class has upon an inmate's ability to earn good-time credits is too speculative and too attenuated to invoke the procedural guarantees of the Due Process Clause. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995)(citing *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)). Plaintiff's claims against defendants ENGLAND, PHILLIPS, and PHAM lack an arguable basis in law and are frivolous.

Plaintiff feels defendant BURKHOLDER should have afforded him the opportunity of informal resolution before he was written a disciplinary case. While the opportunity of informal resolution may be contained in a prison regulation, in the wake of *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), plaintiff has no "created liberty interest of the regulations of Texas Department of Criminal Justice-Institutional Division." The failure of an officer to follow agency procedural regulations or even the relevant state law is not, without more, a constitutional violation, because the relevant constitutional minima may nevertheless have been satisfied. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Additionally, it is clearly established that mere allegations

---

[3] The *Sandin* Court expressly recognized the unusual deprivations in *Vitek v. Jones*, 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980) (transfer to a mental hospital), and *Washington v. Harper*, 494 U.S. 210, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990)(forcible administration of psychotropic drugs), also involved a liberty interest.

of verbal abuse do not present an actionable section 1983 claim. *Bender v. Brumley*, 1 F.3d 271, 274 (5th Cir. 1993). Plaintiff's claims against defendant BURKHOLDER lack an arguable basis in law and are frivolous.

Lastly, plaintiff sues defendants GRIMES and WARD for failing to adequately investigate and satisfactorily resolve his grievances, and he sues defendant SLOAN for failing to answer and resolve his complaints contained in three letters concerning his treatment by ELSEA and other members of the second shift. The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances or his letters of complaint investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), cert. denied, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Plaintiff's claims against defendants GRIMES, WARD, and SLOAN lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, section 1915A and section 1915((e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff TERRANCE LAMONT LIPSCOMB, also known as TERRENCE LIPSCOMB is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this   19th   day of July, 2007.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE